**STATE of Maine**

**v.**

**Belford COTE.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 10, 1988.

Decided April 26, 1988.

John D. McElwee, Dist. Atty., Neale T. Adams, Assistant Dist. Atty., Caribou, for plaintiff.

James P. Moriarty, Presque Isle, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

ROBERTS, Justice.

Belford Cote appeals his conviction of unlawful sexual contact, 17–A M.R.S.A. § 255(1)(C), after a jury trial in the Superior Court, Aroostook County. Cote contends that his conviction must be vacated because the jury impermissibly held against him his election not to testify. We affirm the judgment.

Approximately two hours after their deliberations had begun, the jury in this case sent the following note to the presiding justice: "Insufficient evidence from some jurors. We feel more witnesses to verify girl's story. Have Belford offer defense for himself." With the approval of both the State and Cote, the court instructed the jury to attempt to arrive at a verdict on the basis of the evidence presented and that no more evidence would be presented. Shortly thereafter, the jury returned a verdict of guilty. On his motion for a new trial and on appeal Cote contends that the jury's request that he offer a defense for himself and the fact the jury reached its verdict shortly after being informed that he would not do so, indicates that the jury held his failure to testify against him.

Not only did Cote fail to move for a mistrial at the time of the jury's inquiry, he approved the court's reply to the inquiry. The court had previously instructed the jury that Cote was not required to prove his innocence and that no inference whatever could be drawn from his election not to testify. We assume that the jury followed the trial court's instructions. *State v. Trafton*, 425 A.2d 1320 (Me.1981). Moreover, at Cote's request the jurors were polled individually concerning their verdict. We are not persuaded on the record before us that this jury ignored the court's in-

structions. Consequently, we conclude that the trial court did not err in refusing to grant Cote a new trial.

The entry is:

Judgment affirmed.

All concurring.