2002 ME 63

**STATE of Maine**

v.

**Ralph BRADDICK.**

Supreme Judicial Court of Maine.

Argued: Feb. 5, 2002.
Decided: April 17, 2002.

David W. Crook, District Attorney, Alan P. Kelley, Deputy Dist. Atty. (orally), Augusta, for State.

David Kreisler, (orally), Daniel G. Lilley Law Offices, P.A., Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

CALKINS, J.

[¶ 1] Ralph Braddick appeals from a judgment of conviction of unlawful sexual contact (Class C), 17–A M.R.S.A. § 255(1)(C) (Supp.2001), and two counts of visual sexual aggression against a child (Class D), *id.* § 256, entered after a jury trial in Superior Court (Kennebec County, *Studstrup, J.*). Braddick argues that the court erred in the supplemental instruction given in response to a jury note indicating a deadlock. We disagree and affirm the judgment.

I.

[¶ 2] The jury began its deliberations at 10:23 A.M. on the fourth day of Braddick's trial. Late that afternoon the foreman sent the court a note stating: "We are a hung jury. We are looking for more information and do not feel it's available. We know this is not possible." The court sent the jurors home for the evening at 5:10 P.M., stating that it would have additional instructions for them in the morning. The next morning, the court told counsel that it intended to give Instruction 301 from DONALD G. ALEXANDER, MAINE JURY INSTRUCTION MANUAL § 8–6 (3d ed.2000). Braddick objected to the giving of any supplemental instruction and moved for a mistrial. The court denied the motion and gave a charge that substantially reflected Instruction 301, but additionally informed the jurors that if they needed a readback of portions of testimony or a reinstruction it was available. The jury returned to deliberations at 9:18 A.M. and subsequently asked for a readback of the testimony of two witnesses who had corroborated the testimony of the alleged victim. Following the readback, the jury

returned to deliberations again at 11:20 A.M., and fifty-five minutes later, the jury re-entered the courtroom with a verdict.

II.

[¶ 3] To avoid the possibility that a supplemental charge may coerce a jury into reaching a verdict, an instruction based on ABA STANDARDS FOR CRIMINAL JUSTICE § 15–4.4 (1980) is the proper response to a jury communication indicating a deadlock. *State v. Weidul,* 628 A.2d 135, 136–37 (Me.1993). The substance of the ABA standard is fully set forth in MAINE JURY INSTRUCTION MANUAL § 8–6, and the trial court's instruction varied from that instruction only by adding a reference to the possibility of a readback.

[¶ 4] Braddick concedes that the instruction given by the trial court would have been proper in an ordinary deadlock situation, but he argues that the content of the jury note created an unusual circumstance in which any supplemental instruction would have been coercive and this instruction was particularly so. He contends that the court should have granted his motion for a mistrial instead of giving the supplemental instruction.

[¶ 5] We disagree that the jury's reference to "looking for more information," which it recognized was unavailable and not possible, transformed its deadlock note into a situation requiring an immediate mistrial. The wording of the note likely meant that some jurors may have thought that without additional evidence the jury could not reach a verdict. This is similar to an ordinary deadlock situation. *See State v. Cote,* 540 A.2d 470, 470 (Me.1988) (finding no obvious error in trial court's reinstructing jury and failing to grant mistrial after jury note stating, "Insufficient evidence from some jurors. We feel more witnesses to verify girl's story."). The

jury note in this case was the first suggestion of a deadlock and came after less than seven hours of deliberation. There was no indication of a hopeless deadlock that could require a mistrial. The jury may have then thought that a unanimous verdict would be impossible without more information, but that belief was not any different from the circumstance of a jury that thinks a unanimous verdict is impossible because, at that point, no jurors seem likely to change their minds. The fact that the jurors have indicated that they do not have enough information does not require a declaration of a mistrial. Instead, giving the approved supplemental instruction is proper.

■ [¶ 6] Braddick complains about the court's addition to the approved instruction of an offer to read back testimony or repeat instructions. Given the jury's desire for more information, however, that offer was appropriate and not coercive. *See State v. Engstrom,* 453 A.2d 1170, 1173 (Me.1982) (finding no obvious error in trial court *sua sponte* asking jury if readback of particular testimony would be helpful).

[¶ 7] Braddick argues that the supplemental instruction was coercive because "the court told the jury that they should reach a verdict on the evidence presented." What the court actually said, however, shows that this argument is without merit:

> It is your duty as jurors to deliberate with a view to reaching an agreement if you can do so without sacrificing individual judgment.... [D]o not surrender your honest belief as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.... If after further deliberations you still believe that you cannot reach a verdict, you should advise me of that in writing.

There is no basis for concluding that this instruction coerced the jury into reaching a verdict.

The entry is:

Judgment affirmed.